UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS PASQUARELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:11-CV-316-GZS |
| | ) |
| BROADWAY, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Docket # 2) and Plaintiff's Motion for Permanent Injunction (Docket #8). Having reviewed the Motions as well as Plaintiff's Complaint and all of the attached filings, the Court hereby DENIES both Motions.

To obtain injunctive relief, Plaintiff, as the moving party, bears the burden of persuasion to show: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 29 n.5 (1st Cir. 2010) (citation omitted). In considering a request for injunctive relief, the Court must "bear constantly in mind that an '[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'" Saco Def. Sys. Div., Maremont Corp. v. Weinberger, 606 F. Supp. 446, 450 (D. Me. 1985) (quoting

Plain Dealer Pub. Co. v. Cleveland Typographical Union No. 53, 520 F.2d 1220, 1230 (6th Cir.1975)).

The Court notes that Plaintiff's first Motion fails to comply with the basic requirements for a temporary restraining order found in Federal Rule of Civil Procedure 65(b)(1); namely, there is no affidavit or verified complaint clearly showing immediate and irreparable injury and there is no written certification justifying why Plaintiff is entitled to injunctive relief absent notice to Defendant. Even if the Court could overlook these procedural failings, the Court would still conclude that Plaintiff's filings do not support preliminary injunctive relief. First, to the extent that Plaintiff appears to press claims that Defendant somehow violated various federal laws related to disability discrimination and medical privacy, it is not clear that Plaintiff would be entitled to the injunctive relief against Defendant if he were successful on those claims. Additionally, to the extent that Plaintiff appears to be asking this Court to stop an ongoing state eviction proceeding, a federal court will likely be unable to provide Plaintiff the relief he seeks due to various abstention doctrines. See, e.g., Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st Cir. 2009) ("As a matter of comity, federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances.") (citing Younger v. Harris, 401 U.S. 37, 45-47 (1971)); Jiminez v. Rodriguez-Pagan, 597 F.3d 18, 27-32 (1st Cir. 2010) (explaining and applying Colorado River abstention). Ultimately, the Court concludes Plaintiff has not shown a substantial likelihood of success on the merits of his claims. See Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007) (noting that likelihood of success is the "most important part of the preliminary injunction assessment").

Therefore, the Court hereby DENIES Plaintiff's Motions for Injunctive Relief (Docket #s 2 & 8) and RESERVES RULING on Defendant's Motion to Dismiss (Docket # 9) until after Plaintiff has had an opportunity to file his response, which is due on or before October 3, 2011.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 15th day of September, 2011.